UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HORACE W. CRUMP,

        Plaintiff,        Case No. 1:10-cv-353

v.        Honorable Robert J. Jonker

JOHN PRELESNIK et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has conducted a preliminary review of the amended complaint in accordance with 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Following that review, the Court has dismissed certain claims and Defendants and has ordered service of the amended complaint. The matter now is before the Court on Plaintiff's motion for a temporary restraining order or preliminary injunction (docket #3). For the reasons that follow, Plaintiff's request for a temporary restraining order or preliminary injunction is denied.

The issuance of preliminary injunctive relief is committed to the sound discretion of the district court. *See Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether the plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection

of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Northeast Ohio Coalition for the Homeless*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, a plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff fails to make such a showing. The Court already has dismissed the majority of Plaintiff's amended complaint for failure to state a claim. While Plaintiff's remaining claims warranted service of the amended complaint, it is not at all clear that Plaintiff has a substantial likelihood of success on those claims. Much of the allegedly retaliatory conduct complained of could easily be explained by legitimate, innocent reasons, notwithstanding Plaintiff's belief that Defendants intended to retaliate. Although the Court makes no final determination on this issue, it appears at this preliminary stage that Plaintiff has not made a substantial showing of a violation of any of his constitutional rights.

Second, the presence of irreparable harm is not evident. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578. While Plaintiff claims that he will continue to be subjected to retaliation, his allegations are largely conclusory. In addition, although certain of the allegedly retaliatory actions arguably are sufficiently adverse to warrant service of the retaliation claim, many of the acts are merely inconvenient and would not deter an ordinary person of exercising his rights. While Plaintiff correctly notes that, in appropriate circumstances, "the loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury justifying the grant of a preliminary injunction," *Newsom v. Norris*, 888 F.2d 371, 378 (6th Cir. 1989), Plaintiff fails to make a sufficient showing that such irreparable loss will occur here. Moreover, Plaintiff claims that he is at risk of death or serious injury from violence, unsafe conditions and inadequate medical claims are mere hyperbole. Plaintiff has alleged no acts of retaliation that are sufficiently serious to support his assertion. In fact, based on the specific allegations of Plaintiff's amended complaint, the Court previously dismissed most of Plaintiff's Eighth Amendment claims. As a consequence, his allegations of potential physical injury do not support a finding of irreparable injury.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional

rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here. Accordingly, Plaintiff's motion for preliminary relief will be denied.

An Order consistent with this Opinion will issue.


Dated:      September 8, 2010              /s/ Robert J. Jonker
                                                                                ROBERT J. JONKER
                                                                                UNITED STATES DISTRICT JUDGE