UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE W. CRUMP,

        Plaintiff,

Case No. 1:10-cv-353

Hon. Robert J. Jonker

v.

JOHN PRELESNIK, *et al.*,

        Defendants.

                            /

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b) filed by defendants Gary Ball, Rodney Allen, Lora Hodges, Michael Larabell, David Leslie, Dennis Beecham, Armando Gonzalez, Barbara Choryan and Dawn Christiansen (docket no. 40).

        **I.**         **Background**

        Plaintiff filed a 38-page amended complaint against 15 defendants alleging numerous claims of wrongful conduct that occurred while he was housed by the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU). Some defendants have been dismissed and others are unknown. The present motion for summary judgment was filed by those defendants who were served and are parties to this action: Gary Ball, Rodney Allen, Lora Hodges, Michael Larabell, David Leslie, Dennis Beecham, Armando Gonzalez, Barbara Choryan and Dawn Christiansen. Defendants seek summary judgment on grounds that plaintiff failed to exhaust his administrative remedies. Plaintiff's allegations are discussed in the September 8, 2010

Opinion and Order regarding partial service (docket nos. 12 and 13). The court will not repeat those allegations in this report unless necessary to address issues raised in defendants' motion.

## II. Defendants' motion for summary judgment

### A. Legal Standard

Defendants move for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving

2

party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

      **B.**     **Exhaustion requirement**

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). "[A] prisoner's failure to exhaust under § 1997e(a) is an affirmative defense on which the defendant bears the burden of proof." *Vandiver v. Correctional Medical Services, Inc.*, 326 Fed.Appx. 885, 888 (6th Cir. 2009). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### C. MDOC grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the giveable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues shall be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

### D. Discussion

Defendants contend that plaintiff did not exhaust grievances with respect to the claims alleged against them in the amended complaint. In their brief, defendants point out that plaintiff filed nine Step III grievances while incarcerated at MTU, and that none of these grievances were exhausted when he filed his complaint on April 14, 2010. Defendants' Brief at p. 6 (docket no. 41). In his response, plaintiff concurs that none of the exhausted grievances relate to his claims,

4

stating that defendants "presented grievances obviously irrelevant to Crump's claims in this matter." Plaintiff's Response at p. 3 (docket no. 43). Plaintiff takes the position that he could not have exhausted grievances through step III because he was on modified access when the alleged events occurred, i.e., between February 12 and May 12, 2010. *Id.* Plaintiff contends that while on modified access, he could not file a grievance like other prisoners, but could only request forms to file a grievance. *Id.* Plaintiff stated that he properly exhausted his claims when he requested grievance forms and the request was denied. *Id.*

While on modified access, a prisoner's proposed grievances are screened by a grievance coordinator to determine whether to allow the prisoner to file a grievance. The relevant MDOC Policy Directive, 03.02.130 ¶ KK, provides in pertinent part as follows:

> While on modified access, the prisoner or parolee shall be able to obtain grievance forms only through the Step I Grievance Coordinator. A grievance form shall be provided if the Step I Grievance Coordinator determines that the issue the prisoner or parolee wishes to grieve is grievable and otherwise meets the criteria outlined in this policy. The Grievance Coordinator shall maintain a record of requests received for grievance forms and whether the request was approved or denied and, if denied, the reason for the denial. If a prisoner or parolee on modified access attempts to file a grievance using a form not provided by the Grievance Coordinator, the Grievance Coordinator may reject the grievance in accordance with Paragraph G.

PD 03.02.130 ¶ KK.

The Sixth Circuit has rejected the claim that an MDOC prisoner on modified access is unable to exhaust administrative remedies as required by the PLRA, but at the same time has acknowledged that an MDOC prisoner does not have to pursue such administrative remedies through all three steps:

> With regard to access to the courts, [the MDOC prisoner's] argument is that, as a result of the modified access process, he is unable to exhaust administrative remedies, and thus he cannot ever file a claim in federal court based on a

5

> non-frivolous grievance dismissed by a grievance officer. But this cannot be correct; if a grievance officer dismissed a non-frivolous complaint by [the prisoner], that would be the end of possible administrative remedies with regard to that grievance, and a court would thus have jurisdiction to hear a related federal claim, since all possible administrative remedies would have been attempted.

*Walker v. Michigan Department of Corrections*, 128 Fed. Appx. 441, 446-47 (6th Cir. 2005).

Here, plaintiff has presented evidence that he administratively exhausted some of his claims by requesting grievance forms from the grievance coordinator (former defendant Heffelbower) between February 14, 2010 and March 29, 2010. *See* Kites (docket no. 6-2 pp. 27-35). Plaintiff has shown that the materials cited by defendants do not establish the absence of a genuine dispute with respect to whether he properly exhausted his claims while on modified access. *See* Fed. R. Civ. P. 56(c)(1)(B). Defendants did not reply to plaintiff's contention that he exhausted his claims while on modified access by sending kites requesting grievance forms nor have they provided evidence to establish that plaintiff did not request grievances (e.g., the list of grievance requests recorded by the grievance coordinator as required by PD 03.02.130 ¶ KK). Genuine issues of material fact exist with respect to exhaustion. Accordingly, defendants' motion for summary judgment (docket no. 40) should be denied.

## IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion for summary judgment (docket no. 40) be **DENIED**.

Dated: June 6, 2011 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).