UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE W. CRUMP,

    Plaintiff,

v.

CASE NO. 1:10-CV-353

HON. ROBERT J. JONKER

JOHN PRELESNIK, *et al.*,

    Defendants.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 53), Defendants' Objections to it (docket # 54), and Plaintiff's Response (docket # 55). The Court has also reviewed Plaintiff's Notice of Appeal to District Judge (docket # 37).

### Report and Recommendation

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 40) be denied, because genuine issues of material fact regarding Plaintiff's exhaustion of administrative remedies exist. This recommendation is based on evidence in the record, submitted by Plaintiff, that Plaintiff requested grievance forms in a variety of circumstances, as required by MDOC grievance procedures. (Docket # 6-2, p. 27-35) Defendants object that many of the requests are irrelevant to this lawsuit. Defendants do, however, concede that Plaintiff has exhausted his administrative remedies on at least one issue. (Docket # 54 at 3) After a de novo review of the record, the Court orders that Defendants' motion for summary judgment be denied.

Plaintiff brought suit under 42 U.S.C. § 1983 against numerous defendants, nine of whom remain in the case (Defendants Ball, Allen, Larabell, Hodges, Leslie, Beechum, Gonzalez, Choryan and Christiansen). Plaintiff made numerous allegations, many of which were dismissed by the Court in an earlier order. (Docket ## 12-13) Defendants sought summary judgment on the remaining claims based on Plaintiff's failure to exhaust administrative remedies. (Docket # 40) The motion lists numerous grievances filed by Plaintiff, but it does not address the fact that Plaintiff was on modified access from February 12 through May 12, 2010, and was only allowed to request a grievance form under MDOC Policy Directive 03.02.130 ¶ KK. *See Walker v. Michigan Department of Corrections*, 128 Fed. Appx. 441, 446-47 (6th Cir. 2005).

The Court agrees with the Magistrate Judge's recommendation that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies should be denied. Defendants concede in their objection that Plaintiff did exhaust at least one grievance against

Defendant Leslie. Despite Plaintiff's declaration that he submitted additional grievance requests, Defendants did not include any evidence regarding Plaintiff's request for grievance forms, even though records of such requests are required to be kept under MDOC's own policies. Genuine issues of material fact about Plaintiff's exhaustion exist, and thus Defendants' motion must be denied.

**Plaintiff's Notice of Appeal to District Judge**

Plaintiff's notice of appeal, filed on January 12, 2011, addresses the Magistrate Judge's order (docket # 30) granting Defendants a second extension to respond to the complaint. In considering an appeal of a Magistrate Judge's ruling on a nondispositive pre-trial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72(a) (district judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Magistrate Judge's order in this case was not clearly erroneous or contrary to law. A court may extend time to respond for good cause shown. *See* Fed. R. Civ. P. 6(b). Defendants' motion for a second extension stated valid justifications for the request, including Plaintiff's numerous claims against numerous defendants and the recent loss of personnel in the Attorney

3

General's office due to an early retirement plan. The Magistrate Judge did not err when he granted an extension.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 6, 2011, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that:

1. The motion for summary judgment filed by Defendants Ball, Allen, Hodges, Larabell, Leslie, Beecham, Gonzalez, Choryan and Christiansen (docket # 40) is **DENIED**.

2. Plaintiff's notice of appeal (docket # 37) of the Magistrate Judge's order is **DENIED**.


Dated:     August 19, 2011              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE