UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE W. CRUMP,

    Plaintiff,

v.

CASE NO. 1:10-CV-353

HON. ROBERT J. JONKER

JOHN PRELESNIK, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 84), as well as Objections made by Plaintiff (docket # 91) and Defendants' Response (docket # 93). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

1

**Analysis**

In his Report and Recommendation, Magistrate Judge Brenneman recommends that Plaintiff's Motion for Judgment on the Pleadings (docket # 63) be denied; that Defendants Gary Ball, Rodney Allen, Lora Hodges, Michael Larabell, Dennis Beecham, Armando Gonzalez, Barbara Choryan, and Dawn Christiansen Motion for Summary Judgment (docket # 61) be granted, but that Defendant Chaplain David Leslie's Motion for Summary Judgment be denied.[1] After a de novo review of the record, the Court adopts the Report and Recommendation.

**A.     Plaintiff's Motion for Judgment on the Pleadings (docket # 63)**

The Magistrate Judge recommends denying Plaintiff's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) because "the pleadings are not 'closed' for purposes of obtaining a judgment on the pleadings, because none of the defendants have filed an answer to the amended complaint." (docket # 84, at 3.) Plaintiff has not objected to this conclusion. The Court agrees that the motion is premature, and therefore adopts the Magistrate Judge's decision to deny the Motion.

**B.      Defendants' Motion for Summary Judgment (docket # 61)**

In a previous Order (docket # 60), the Court concluded that Plaintiff properly exhausted his claim against Defendant Chaplain Leslie that alleged Plaintiff had been improperly denied scheduling to attend group religious services for two months. (*Id.* at 2-3.) Indeed, Defendants concede Plaintiff exhausted his grievance as to Chaplain Leslie. (*Id.*) Therefore, the Court adopts the Magistrate Judge's recommendation that Defendants' Motion should be denied to the extent it seeks summary judgment as to the claim against Chaplain Leslie.

---

[1] As the Magistrate Judge noted, Defendant Brendan Sherry filed a separate dispositive motion that is not before the Court.

As to the remaining Defendants, the issue raised in the present motion is whether Plaintiff properly exhausted his remaining claims against Defendants while he was under modified access from February 12, 2010 through May 12, 2010. During this period, Plaintiff was only allowed to request forms to file a grievance, and a grievance coordinator screened the proposed grievance to determine whether it was allowable under prison policy. *See* MDOC Policy Directive 03.02.130 ¶ HH. In support of their Motion, Defendants provide the affidavit of Cathleen Heffelbower, the grievance coordinator in charge of screening grievances Plaintiff proposed filing during this time period. (docket # 62-1.) Ms. Heffelbower states that she reviewed her records for any kites Plaintiff filed requesting such forms, but she found none that related to the claims against the named Defendants in the present action. (*Id.* at ¶¶ 4-6.) The Magistrate Judge carefully reviewed each kite on record, and concluded that other than the claim against Chaplain Leslie, Plaintiff's claims were not properly exhausted as to the remaining Defendants. (docket # 84, at 10-12.)

Plaintiff objects to the Report and Recommendation, arguing that the Magistrate Judge failed to properly consider his declaration, and instead improperly limited review to the kites in the record. (docket # 91, at 1.) Plaintiff's argument is unpersuasive. Plaintiff states in his affidavit that he "repeatedly asked Grievance Coordinator . . . Heffelbower–via prisoner kites–for grievance forms, and repeatedly asked Warden John Prelesnik and Defendant Assistant Deputy Warden ("ADW") Gary Ball–via kites and in person–to intervene on my behalf also," and that he sent more kites than those contained in his Amended Complaint. (docket # 44.) As Ms. Heffelbower stated in her affidavit and confirmed after reviewing MDOC policy, however, she recorded any and all such kite requests as MDOC policy required. (docket # 62-1.) The Magistrate Judge reviewed these kites, and correctly concluded that they did not pertain to the claims against Defendants (other than

Chaplain Leslie) currently before the Court. No other competent evidence is before the Court to refute Ms. Heffelbower's affidavit and the Magistrate Judge's conclusions.

Plaintiff also objects to the Report and Recommendation on the basis that the Magistrate Judge failed to consider that "the Court allowed Plaintiff's retaliation claims against Defendants to be served." (docket # 91.) This argument similarly lacks merit. The record before the Court, having been developed through Ms. Heffelbower's affidavit and the kites in MDOC's records, demonstrates that Plaintiff failed to exhaust his administrative remedies as to the named Defendants (except Chaplain Leslie) on the claims before the Court. Summary judgment in favor of Defendants is therefore appropriate, and Plaintiff's reliance on what claims were served at the outset of this litigation does not alter this conclusion.

**ACCORDINGLY, IT IS ORDERED** that

(1) The Report and Recommendation of the Magistrate Judge, filed February 3, 2012 (docket # 84) is **ADOPTED** as the opinion of this Court;

(2) Plaintiff's Motion for Judgment on the Pleadings (docket # 63) is **DENIED**; and

(3) Defendants' Motion for Summary Judgment (docket # 61) is **GRANTED** as to Defendants Gary Ball, Rodney Allen, Lora Hodges, Michael Larabell, Dennis Beecham, Armando Gonzalez, Barbara Choryan, and Dawn Christiansen, and **DENIED** as to the other Defendants.

This matter remains open as to Defendants Chaplain David Leslie and Brendan Sherry.

**IT IS SO ORDERED**.

Dated:   March 19, 2012              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE