UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP, JR.,

        Petitioner,

                                                  CASE NO. 1:10-CV-353

v.

                                                  HON. ROBERT J. JONKER

JOHN PRELESNIK, ET AL.,

        Respondents.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 119) and Petitioner's Objections to Report and Recommendation (docket # 120). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman, the Report and Recommendation itself, and Petitioner's Objections.

Petitioner objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies in this matter. Petitioner argues that, because he was on modified access when Respondent Brendan Sherry (hereinafter "Respondent") allegedly denied him medical accommodations, it was impossible for him to file a Step III grievance against Respondent, as Michigan Department of Corrections ("MDOC") regulations require. (Obj., docket # 120, at 2.) Even assuming that Petitioner's modified access status precluded his filing a Step III grievance, his argument ignores the fact that MDOC regulations establish a separate process by which prisoners on modified access may pursue grievances against prison staff. MDOC Policy Directive, 03.02.130 ¶ KK. Under this process, Petitioner could have pursued a grievance against Respondent, while on modified access, by requesting a grievance form from the prison's Step I Grievance Coordinator. *Id.* Petitioner's failure to request a grievance form through this alternate channel, on top of his failure to file a Step III grievance, supports the Magistrate Judge's determination that Petitioner failed to exhaust his administrative remedies. (*See* R & R, docket # 119, at 6-7.)

In his verified Complaint, Petitioner asserts that he requested a grievance form from the prison's Step I Grievance Coordinator and that the Grievance Coordinator denied his request. (Obj., docket # 120, at 3-4.) At a minimum, Petitioner argues, this assertion establishes a factual dispute as to whether he pursued and exhausted all available administrative remedies. (*Id.*) That would be the case, except that the record completely undermines Petitioner's claim. Documents from Richard A. Handlon Correctional Facility, created and maintained according to standardized procedures, unequivocally demonstrate that Petitioner never requested a grievance

form for purposes of filing a grievance against Respondent. (*See* R & R, docket # 84, at 10; Kites, docket # 6-2.) When, as here, "the parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Accordingly, the Magistrate Judge was justified in determining that Petitioner had not presented evidence sufficient to establish a dispute of material fact.

The right of access to the courts is firmly established as a cornerstone of Americans' liberties. *See, e.g.*, *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."). It is similarly well-recognized, however, that the government may establish reasonable procedures for prisoners to follow in exercising this right. *See, e.g.*, *Hartsfield v. Mayer*, 76 F.3d 378 (6th Cir. 1996) ("[T]he state is not required to provide the prisoner with *unlimited* access to the courts . . . ."). Federal law requires prisoners to exhaust all available remedies before filing suit in federal court. Prison Litigation Reform Act, 42 U.S.C. § 1997e. Because it appears clear that Petitioner did not exhaust all of his administrative remedies as regards Respondent, the Magistrate Judge was correct in recommending that this Court grant Respondent's Motion for Summary Judgment.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 119) is approved and adopted as the opinion of the Court to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment (docket # 76) is **GRANTED** for failure to exhaust administrative remedies.

Respondent Sherry is **TERMINATED** from the case.


Dated:   September 27, 2012             /s/ Robert J. Jonker
                                                                                               ROBERT J. JONKER
                                                                                                UNITED STATES DISTRICT JUDGE